UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA C. JACKSON, ET AL. | CIVIL ACTION |
| v. | NO. 18-6692 |
| DENKA PERFORMANCE ELASTOMER LLC; E.I. DUPONT DE NEMOURS AND COMPANY; ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand on the ground that the Court lacks subject matter jurisdiction. Additionally, the plaintiff requests reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c). For the following reasons the motion to remand is GRANTED and the request for costs and fees is DENIED.

**Background**

This environmental tort litigation arises from the production of neoprene, which allegedly exposes those living in the vicinity of the manufacturing plant to concentrated levels of chloroprene well above the upper limit of acceptable risk, resulting in a risk of cancer more than 800 times the national average. Several residents living in what environmentalists and the media have dubbed "Cancer Alley" filed the first of several lawsuits seeking injunctive relief in the form of abatement of chloroprene releases

1

from their industrial neighbor, the Pontchartrain Works facility; the only facility in the United States still manufacturing a synthetic rubber called neoprene, which is made from chloroprene, which the Environmental Protection Agency has classified as a "likely human carcinogen."

The plaintiffs in the present case, led by Donna Jackson, are residents of St. John the Baptist Parish. On May 29, 2018, Plaintiffs filed a Petition for Damages in the 40th Judicial District for St. John the Baptist Parish, seeking damages from defendants Denka Performance Elastomer LLC ("DPE"), E.I. du Pont de Nemours and Company ("DuPont"), the Dow Chemical Company ("Dow"), and DowDuPont, Inc. ("DowDuPont") caused by their alleged excessive emissions of chloroprene. With their petition for damages, the plaintiffs filed a binding pre-removal stipulation ("stipulation") which stipulated that they would not accept or seek to recover any portion of a judgment or award in excess of $50,000.00.

On July 16, 2018, DuPont, DowDuPont, and Dow removed the matter to this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). DPE consented to the removal and the plaintiffs now move to remand.

I.

Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the case. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Should there be any doubt as to the propriety of removal, it should be resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). If the matter is removed based on diversity of citizenship, the amount in controversy must exceed $75,000.00, complete diversity must exist, and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The parties do not dispute that complete diversity exists in this matter and, thus, the only question presented is whether the plaintiffs' stipulation is sufficiently binding to limit each plaintiff's total recovery to an amount less than $75,000.00.

Under Louisiana law, plaintiffs in state courts may not plead a specific value of damages. La. Code Civ. P. 893. So, if a case filed in Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant may meet this burden by showing that it is facially apparent that the amount in controversy exceeds

3

$75,000.00. Id.; See Williams v. Axial Corp., No. 2:15-cv-440, 2015 WL 5638080, at *2 (W.D. La. Sept. 24, 2015).

If a defendant meets this burden, remand is still proper if the plaintiff demonstrates to a "legal certainty" that its recovery will not exceed the jurisdictional amount. De Aguilar, 47 F.3d at 1412. A plaintiff may meet this burden by citing in her petition to a state law that limits recovery above a certain amount, or, absent such a statute, a plaintiff may file a binding stipulation or affidavit about the damages value. Id. A plaintiff's filing after the defendant has removed the case is irrelevant. Id. (citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

## II.

The plaintiffs move to remand the action to state court on the grounds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Specifically, the plaintiffs contend that because they filed with their petition a binding pre-removal stipulation which waives their rights to any damages in excess of $50,000.000, the amount in controversy will not exceed $75,000.00. The plaintiffs further submit that the stipulation is broad and renounces any right to enforce or collect any judgment or award greater than $50,000.00.

The defendants counter that the Court has jurisdiction because the stipulation only applies to damages and not equitable

4

relief. The defendants contend that the plaintiffs ignore the value of injunctive relief a court may award, and the value of such injunctive relief places the amount in controversy above the $75,000.00 jurisdictional minimum.

Here, each plaintiff attached their damages stipulation to their state court petition and filed before the defendants filed their notice of removal. Thus, if the plaintiffs can establish to a legal certainty that total recovery for each individual is less than $75,000.00, the analysis ends, and the case must be remanded.

First, the Court considers whether the plaintiffs' claims are for monetary damages, injunctive relief, or both. In the prayer for relief, the plaintiffs request:

> a) All damages as are just and reasonable under the circumstances, both physical and mental, including but not limited to, compensation for reasonable and justified fear of cancer due to chloroprene exposure, nuisance, and civil battery, not to exceed $50,000.00 per plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs;
>
> b) Interest from the date of the judicial demand; and,
>
> c) The value of each Plaintiff's claims is equal to or less than $50,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs. Plaintiffs and undersigned counsel stipulate that they will not amend these pleadings to seek greater than $50,000.00 per plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs. Plaintiffs and undersigned counsel further stipulate that they will renounce any right to enforce or collect any judgment for each Plaintiff over and above

> $50,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs.

The plain language of the petition demonstrates that the plaintiffs specifically request both monetary damages and, as may be in cases of nuisance, injunctive relief. All limited in amount.

The plaintiffs contend that their stipulations are broad enough and sufficiently binding to include limitations on both monetary damages and injunctive relief in excess of $75,000.00. The Court agrees. Clauses (a)-(c) of the plaintiffs' prayer for relief reference the stipulation that the plaintiffs and counsel "renounce any right to enforce or collect any judgement for each Plaintiff over and above $50,000.00."

The defendants submit that the stipulation only applies to monetary damages, and not injunctive relief, because it explicitly states in paragraph one, "[t]he total monetary award sought by Plaintiff . . . [does] not exceed the sum of $50,000.00, including penalties and attorneys' fees." The defendants ignore, however, that paragraph four of the stipulation explicitly states that each plaintiff "renounce[s] any right to enforce or collect any judgment or award in excess of $50,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs." The Court is satisfied that this stipulation is sufficiently broad in scope and binding on the plaintiffs, restricting each from collecting

6

any judgment, inclusive of injunctive relief, that exceeds $50,000.00. Consequently, the Court finds that the plaintiffs have established to a legal certainly that the stipulation restricts recovery in excess of the jurisdictional $75,000.00 amount in controversy.

III.

The plaintiffs also request reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c).

The propriety of removal is central to the determination whether to impose fees. See Miranti v. Lee, 3 F.3d 925, 925 (5th Cir. 1993). The Supreme Court explained in Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005), that "the standard for awarding fees should turn on the reasonableness of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Id.

It certainly does not appear that the defendants' removal of this case was in bad faith. The defendants reasonably argued that the plaintiffs' petitions included the possibility of injunctive relief and that the stipulation was not inclusive of that relief. Although the Court disagrees with the defendants, the Court is not

7

persuaded that they lacked an objectively reasonable basis for removal.

Accordingly, IT IS ORDERED: that the plaintiffs' motion to remand is GRANTED and the request for fees and costs is DENIED. The case is hereby remanded to the 40th Judicial District Court for St. John the Baptist Parish.

New Orleans, Louisiana, October 15, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE